# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WONNDRA JONES,

    Plaintiff,

v.                                              Case No. 3:23-cv-421-TJC-LLL

DOLLAR TREE STORES, INC., a
Foreign Profit Corporation,

    Defendant.

## **O R D E R**

This slip-and-fall case is before the Court on Plaintiff Wonndra Jones's Motion to Remand. (Doc. 6). Defendant Dollar Tree Stores, Inc. responded in opposition. (Doc. 7). Dollar Tree removed the case based on diversity jurisdiction. (Doc. 1 at 5). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). Jones does not dispute that the parties are diverse, and the Court agrees; thus, the issue is whether the amount in controversy exceeds $75,000.[1] See (Doc. 6).

---

[1] Jones also argues that Dollar Tree's removal was untimely. (Doc. 6 at 2–3). Given the Court's conclusion regarding the amount in controversy, it need not reach this argument.

"Where the plaintiff has not [pled] a specific amount of damages[,] the defendant is required to show by a preponderance of the evidence that the amount in controversy can be satisfied." Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (internal quotations, alterations, and citation omitted). In its Notice of Removal, Dollar Tree's evidence of the amount in controversy includes Jones's general allegations of her injuries and Jones's correspondence, discovery requests, medical records, and allegations that Jones's medical bills exceed $60,000. (Doc. 1 at 3–5). However, Jones clarifies that her medical charges exceed $60,000, but that her medical expenses are only $8,306.27.[2] (Doc. 6 at 4). Jones attaches her medical bills that reflect that the vast majority of these charges were deducted as a "contractual adjustment" for the government. See (Doc. 6 at 18, 21–26); see also Montgomery v. Food Giant Supermarkets, Inc., No. 14-0405-WS-C, 2014 WL 5307890, at *3 (S.D. Ala. Oct. 16, 2014) (acknowledging that "there is little correlation between the gross amount of [the plaintiff]'s medical charges and plaintiff's compensatory damages (i.e., the amounts actually paid by Medicare/Medicaid, which will be the subject of a subrogation lien herein)" because there were contractual adjustments which resulted in Medicare and the plaintiff incurring far less than the actual charges). While incurred medical expenses are strong evidence of the

---

[2] Some of these expenses were paid by Medicare, but Medicare has a lien for the expenses paid by the government. (Doc. 6 at 4).

2

amount in controversy, see S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1317–18 (11th Cir. 2014), medical charges in this case are not necessarily indicative of the amount in controversy because neither Jones nor Medicare/Medicaid will ever incur many of those bills.

Dollar Tree next argues that the Court should look to the civil cover sheet, wherein Jones indicated that the amount in controversy exceeded $75,000, as evidence that the amount in controversy exceeds $75,000. (Doc. 7 at 8–13). Civil cover sheets are used for "data collection and clerical processing purposes only," Bell v. Ace Ins. Co. of the Midwest, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) (citing Fla. R. Civ. P. Form 1.997), and are not indicative of the amount in controversy absent additional facts. See Durshimer v. LM Gen. Ins. Co., No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-CV-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021). The Court will afford limited weight to the civil cover sheet.[3]

Finally, Dollar Tree argues that Jones's refusal to stipulate that the amount in controversy does not exceed $75,000 shows that the amount in

---

[3] The Court acknowledges that Judge Davis in Seaman v. Holiday CVS, LLC, held that the amount in controversy was satisfied where the evidence presented included a civil cover sheet indicating that the amount in controversy exceeds $100,000 and broad allegations that the plaintiff's injuries were "permanent or continuing." (Doc. 21, 3:22-cv-76-BJD-PDB (M.D. Fla. 2022)). In this case, the civil cover sheet is only entitled to limited weight.

3

controversy more likely than not exceeds $75,000. (Doc. 7 at 13). "It is true that [a plaintiff's] refusal to stipulate the actual amount of damages sought does not, standing alone, support jurisdiction." Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001)) (Corrigan, J.). "However, this Court has stated that a plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." Id. (quotation marks and citation omitted). While in a different case the civil cover sheet and Jones's refusal to stipulate might be sufficient evidence of the amount in controversy, here, it is not enough to cover the wide gap between the incurred medical expenses and the $75,000 amount in controversy requirement. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 6) is **GRANTED in part**.[4]

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

---

[4] The Court declines to impose fees and costs on Dollar Tree under 28 U.S.C. § 1447(c) because Dollar Tree had an objectively reasonable basis for seeking removal. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of May, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, Fourth Judicial Circuit, Duval County